# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF WISCONSIN

LOOP, LLC D/B/A AUTOLOOP,

     Plaintiff,

v.

CDK GLOBAL, LLC,

     Defendant.

Case No. 3:24-cv-00571-JDP

## CDK'S MOTION TO SEAL MATERIAL IN VENDORS' MOTION FOR SANCTIONS AND JUDICIAL NOTICE, AND RELATED FILINGS, AT ECF 83, 85–89, 90-3, 98–99, 100-4, AND 107–109

CDK Global, LLC ("CDK") respectfully requests that this Court seal redacted material in Loop, LLC, d/b/a AutoLoop's ("Vendors") Motion for Sanctions and Judicial Notice (ECF 89); CDK's Opposition (ECF 99); the deposition transcripts of Dave Latham and Warren Leggett (ECF 83, 98); the expert reports of Dr. Michael Whinston, Dr. Kevin Murphy, and Edward Stroz (ECF 85–88, 107–109); Exhibit 3 to the Declaration of M. Nemelka (ECF 90-3); and Exhibit 21 to the Declaration of K. Katz (ECF 100-4). The proposed redactions are contained in public versions of these filings on the docket. Vendors and CDK have already filed the full text of sealed versions of these filings on the docket.

CDK has good cause to seal this information, which includes discussion of CDK's cybersecurity vulnerabilities and commercially sensitive information, a non-party's response to a Federal Trade Commission investigative demand, and material already filed under seal in the MDL from which this case was remanded. The information

CDK seeks to redact is limited, narrowly tailored, and satisfies the Seventh Circuit's and this Court's requirements for sealing, as described further below.

## I.     BACKGROUND

This suit centers on Vendors' antitrust claims against CDK. *See In re Dealer Management Systems Antitrust Litigation*, No. 1:18-cv-00864 (N.D. Ill.) ("MDL ECF"), MDL ECF 194. While this suit proceeded in the MDL, the MDL court entered a binding confidentiality order to protect "confidential or privileged" material. MDL ECF 650 at 1. That order is still in effect. Discovery in the MDL closed in April 2019.

The instant suit was transferred from the MDL to this Court on August 14, 2024. ECF 23. Despite the change in venue, "[t]he parties agree[d]" to continue abiding by the MDL confidentiality order. ECF 56 at 8 (Joint Status Report). The confidentiality order prohibits disclosure of, among other things, material "prohibited from disclosure by statute, regulation, court rules, case decisions, or common law," or that reveals "business practices or other confidential customer, technical, commercial (including pricing), financial or business information." MDL ECF 650 at 2.

On September 18, 2024, this Court issued an Order allowing additional discovery, including supplemental expert reports by November 8, 2024, and responses by November 27, 2024. ECF 74. The Order also provided that "[a] party need not file a deposition transcript with the court until that party is using the deposition in support of some other submission, at which time the entire deposition must be filed." *Id.* at 3.

On October 24, 2024, two CDK employees, Warren Leggett and Dave Latham, were deposed by Vendors. On November 8 and 27, 2024, CDK filed expert reports by Whinston, Murphy, and Stroz. ECF 85–87, 107–109.

On November 13, 2024, Vendors filed their Motion for Sanctions and supporting materials, including Latham's deposition transcript, CDK's November 8, 2024 expert reports, a November 2019 expert report from Whinston that was previously filed in the MDL, and CDK's Corporate Retention Policy. ECF 83, 85–87, 89, 90-3. On November 14, 2024, this Court issued a Text Order setting a briefing schedule on Vendors' motion for sanctions, with CDK's opposition due November 27, 2024, and Vendors' reply due December 4, 2024. On November 21, 2024, the Court issued an order permitting the parties to file their briefing under seal and "delay filing redacted public versions" until December 11, 2024. ECF 97. On November 27, 2024, CDK filed under seal its opposition and supporting materials, including Leggett's deposition transcript and a sur-reply brief that was previously filed by Reynolds under seal in the MDL. ECF 98–99, 100-4. On December 4, 2024, Vendors filed under seal their reply and supporting materials, which included the November 27, 2024, reports of Murphy, Stroz, and Whinston. ECF 107–109, 110.

Pursuant to the MDL confidentiality order, and for other good cause described below, CDK requests that the Court grant this motion to seal.

## II.    LEGAL STANDARD

"District court judges need not release" to the public "every document that has crept into the record." *City of Greenville, Ill. v. Syngenta Crop Prot., LLC*, 764 F.3d 695, 697 (7th Cir. 2014) (internal quotation marks omitted). Rather, the Seventh Circuit has "limited the presumption of public access" to filings that actually "affect judicial decisions" on the merits. *Id.*; *accord Goesel v. Boley Int'l (H.K.) Ltd.*, 738 F.3d 831, 833 (7th Cir. 2013) ("[T]he presumption of public access applies only to the

materials that formed the basis of the parties' dispute and the district court's resolution; other materials that may have crept into the record are not subject to the presumption." (internal quotation marks omitted)); *In re Specht*, 622 F.3d 697, 701 (7th Cir. 2010) (only "[d]ocuments that affect the disposition of federal litigation are presumptively open to public view").

Even information that *is* material to the merits of a case must be sealed from public view if "a statute, rule, or privilege" requires the material's confidentiality, *Specht*, 622 F.3d at 701, or if there otherwise "is good cause for sealing a part or the whole of the record," *Citizens First Nat. Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 945 (7th Cir. 1999); *see, e.g.*, *Metavante Corp. v. Emigrant Savs. Bank*, 2008 WL 4722336, at *9–10 (E.D. Wis. Oct. 24, 2008) (finding "good cause" to seal over 30 documents because they contained "nonpublic financial and business information, including pricing, business plans and strategies").

## III.   ARGUMENT

The limited information CDK seeks to redact satisfies these standards. Because "[t]he appropriateness of sanctions is distinct from the underlying merits of a claim," *E. Gluck Corp. v. Rothenhaus*, 252 F.R.D. 175, 179 (S.D.N.Y. 2008), the sanctions briefing and supporting filings are not entitled to a "presumption of public access," *see City of Greenville*, 764 F.3d at 697; *Goesel*, 738 F.3d at 833; *Cnty. Materials Corp.*, 502 F.3d at 739; *see also Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 396 (1990).

Regardless, there is good cause for the Court to approve CDK's limited redactions. *See Specht*, 622 F.3d at 701; *Citizens First*, 178 F.3d at 945. CDK's proposed redactions pertain to several categories of sensitive, confidential information: CDK's

4

cybersecurity practices and the nature of a cyberattack that breached CDK's security defenses earlier this year; commercially sensitive information, such as internal CDK policies, information about future product proposals, profits, revenues, and business expenditures; information about a confidential internal investigation that a nonparty conducted in response to an FTC demand; and materials already sealed in the MDL.

### A.    Redactions to CDK's Highly Confidential Expert Reports.

CDK seeks narrow redactions to the November 2024 expert reports of Whinston, Murphy, and Stroz (ECF 85–87, 107–109), and to one clause in Vendors' Motion for Sanctions (ECF 89) quoting that material. These reports were designated highly confidential in the MDL and contain non-public information related to CDK's cybersecurity and commercially sensitive finances.

*First*, Stroz's reports describe CDK's cybersecurity practices and sensitive information about a cyberattack on CDK earlier this year, which, if made public, would pose a risk to CDK and the data it maintains. While the June 19, 2024, cyberattack is publicly known, much of the detail regarding the nature of that attack, including its purported cause and CDK's response, is not. CDK thus seeks to narrowly redact descriptions of its cybersecurity practices, the purported cause of the attack, CDK's response, and certain vulnerabilities exploited in the attack. These descriptions reveal key details that could be used by other criminals for nefarious ends. Indeed, in discussing the purported cause of the June cybersecurity incident, the reports describe "network infrastructure and security systems" exploited by the cyber criminals, which, if disclosed, may "encourage" performance of another attack. *Music Grp. Macao Com. Offshore Ltd. v. Foote*, 2015 WL 3993147, at *6 (N.D. Cal.

June 30, 2015); *Metavante Corp.,* 2009 WL 637165, at *1 (granting motion to seal "confidential information on specific types of software used by [defendant]"). The reports also provide details about vulnerabilities and efforts to remediate those vulnerabilities, which could give future hackers the tools to mimic the attack, and "at least mak[e] it [more] feasible" for criminals to identify future vulnerabilities in CDK's systems. *Music Grp. Macao*, 2015 WL 3993147, at *6.

If these details are disclosed, they could prompt additional attempts to compromise CDK's security defenses. Disclosure of these details could compromise CDK's cybersecurity practices, weaken its ability to protect consumer data, and increase its vulnerability to future attacks. Potential cyber criminals would be interested to know the security measures CDK uses to protect its data and the kind of attacks that could potentially be successful against them.

Additionally, information in Stroz's reports concerning these issues are protected from public disclosure by the MDL court's confidentiality order. Both of Stroz's reports are designated highly confidential under the MDL confidentiality order. ECF 87, 108. That order provides that highly confidential material may not be disclosed publicly. *See* MDL ECF 650 at 7–8; *Smithkline Beecham PLC v. Teva Pharms. U.S.A., Inc.*, 2005 WL 8175985, at *2 (D.N.J. Nov. 21, 2005) (granting motion to seal because information was designated "[c]onfidential" or "[h]ighly [c]onfidential"). For these reasons, the Court should grant CDK's "narrowly tailored" request to "protect information" about "systems or information that would create security threats." *Reyna v. Arris Int'l PLC*, 2018 WL 1400513, at *3 (N.D. Cal. Mar. 20, 2018).

*Second*, CDK seeks narrow redactions to non-public financial, commercial, and product-level information in Whinston and Murphy's reports. Whinston's reports cite CDK internal documents with confidential information about its pricing strategies, product development plans, and market analysis. ECF 85, 109. Murphy's reports contain product-level revenue figures related to CDK's data integration businesses. ECF 86, 107. This material reveals CDK's confidential business strategies, carries significant value to CDK, and is not publicly available. Its disclosure may offer "other firms an unearned competitive advantage," *Formax Inc.*, 2013 WL 2452703, at *1 (internal quotation marks omitted), and competitively harm CDK, *see Haley v. Tchrs. Ins. & Annuity Ass'n of Am.*, 2020 WL 3618573, at *1 (S.D.N.Y. July 2, 2020) ("[C]ourts routinely permit parties to seal or redact business materials, if disclosed, may result in competitive harm.").

### B.    Redactions to Non-Party Reynolds's Sealed MDL Filings.

CDK seeks limited redactions to its opposition to Vendors' motion for sanctions (ECF 99) and to Exhibit 21 to that brief (ECF 100-4), each of which quotes or describes material protected by federal statute and sealed in the MDL. In 2021, certain MDL plaintiffs and Reynolds engaged in discovery motion practice. The MDL briefing included confidential filings that Reynolds submitted to the FTC, as well as a Sur-Reply quoting those FTC submissions. The MDL court permitted the FTC submissions to be sealed entirely, and Reynolds's Sur-Reply to be redacted. MDL ECF 1234-2, 1234-3, 1247-2, 1247-3, 1305. The redactions that CDK requests to its opposition brief (ECF 99) quote or describe Reynolds's FTC submissions, and the

redactions CDK has proposed to Exhibit 21 (ECF 100-4, Reynolds's MDL Sur-Reply) are identical to those approved by the MDL court.

There is independent good cause to redact this information. The confidentiality of responses to FTC Civil Investigative Demands is statutorily *required* absent the responding party's consent. *See* 15 U.S.C. § 57b-2 (prohibiting the disclosure of "answers" to FTC demands "without the consent of the person who produced" them). Other courts have approved the redaction of responses to investigative demands by the FTC. *See Rinky Dink, Inc. v. Elec. Merch. Sys.*, 2015 WL 778065, at *3 (W.D. Wash. Feb. 24, 2015) (finding "compelling reason" to keep defendant's "response to an FTC Civil Investigation . . . under seal"). As this material is protected by statute and redacted in the MDL, it should be redacted here as well.

### C.    Four Documents Should Remain Sealed or Be Fully Redacted.

Last, CDK requests that the following documents remain under seal: the October 24, 2024, deposition transcripts of Leggett and Latham (ECF 83, 98), and the November 2019 expert report of Whinston previously filed in the MDL (ECF 88). CDK also requests that its Corporate Retention Policy (ECF 90-3) be fully redacted.

With respect to the deposition transcripts (ECF 83, 98), this Court's May 25, 2017, Administrative Order No. 337, states that the requirement to publicly file sealed materials "shall not apply to the filing of a complete transcript of a deposition if required by court order." *Id.* at 1. As Latham's and Leggett's transcripts were required by court order to be filed on the docket, *see* Scheduling Order at 3, CDK understands that it need not file public versions of those transcripts. Further, the entirety of each transcript is designated either confidential or highly confidential, and

they contain the same categories of sensitive information discussed above, including CDK's cybersecurity vulnerabilities, non-public financial information, and other commercially sensitive information. CDK thus requests that they remain sealed.

With respect to Whinston's November 2019 report (ECF 88), that report was designated highly confidential under the MDL confidentiality order and filed under seal in the MDL. MDL ECF 889-22. This Court indicated at the September 17, 2024, hearing that it did not yet have access to the sealed items on the MDL docket and requested that the parties file copies of those documents on this docket if needed. Dkt. 72, Tr. at 15:10-25 ("[F]or now, if there's something sealed on the MDL docket, attach another copy for me."). CDK therefore requests that this report remain under seal.

Finally, CDK requests the Court allow CDK to fully redact Exhibit B to ECF 90-3, which contains CDK's Corporate Retention Policy. This policy contains sensitive commercial and litigation materials and should be sealed. *See Sorenson Commc'ns, Inc. v. F.C.C.*, 659 F.3d 1035, 1041 n.4 (10th Cir. 2011) (holding that sealing is proper to "protect confidential information relating to" a party's "business practices"); *Louis Vuitton Malletier S.A. v. Sunny Merch. Corp.*, 97 F. Supp. 3d 485, 511-12 (S.D.N.Y. 2015) (granting motion to redact sensitive business data, strategies, and policies).

## IV.    CONCLUSION

For the above reasons, CDK respectfully requests the Court grant this motion to seal and maintain under seal the redacted and sealed material referenced above.

DATED: December 11, 2024

Respectfully submitted,

*/s/ Katherine Katz, P.C.*
Craig S. Primis, P.C.
Katherine Katz, P.C.
Emily Merki Long
Grace Brier
**KIRKLAND & ELLIS LLP**
1301 Pennsylvania Ave., NW
Washington, D.C. 20004
Tel: (202) 389-5000
craig.primis@kirkland.com
katherine.katz@kirkland.com
emily.long@kirkland.com
grace.brier@kirkland.com

Mark Filip, P.C.
Kevin M. Jonke
**KIRKLAND & ELLIS LLP**
333 West Wolf Point Plaza
Chicago, IL 60654
Tel: (312) 862-2000
mark.filip@kirkland.com
kevin.jonke@kirkland.com

***Counsel for Defendant CDK Global, LLC***

10

## CERTIFICATE OF SERVICE

I certify that on December 11, 2024, I electronically filed a copy of the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the registered participants as identified on the NEF to receive electronic service.

/s/  *Katherine Katz, P.C.*
Katherine Katz P.C.

11