IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

LOOP LLC d/b/a AUTOLOOP, on behalf of itself and all others similarly situated,

    Plaintiff,

v.

CDK GLOBAL, LLC,

    Defendant.

[PROPOSED] ORDER GRANTING FINAL APPROVAL OF THE SETTLEMENT AGREEMENT

24-cv-571-jdp

---

This matter is before the Court on Plaintiff Loop, LLC's unopposed motion on behalf of the certified Vendor Class for Final Approval of the Proposed Settlement, Award of Attorney's Fees and Costs, and Plaintiff's Service Award. On April 29, 2025, the Court entered an order granting preliminary approval of the Settlement Agreement between the Vendor Class and CDK Global, LLC. *See* Dkt. 253 (Preliminary Approval Order); Dkt. 250-1 (Settlement Agreement).[1] On August 29, 2025, the Court held a final approval hearing to determine whether the Settlement Agreement is fair, reasonable, and adequate, whether to award attorney's fees, costs, and a service award and, if so, in what amount, and whether judgment should be entered dismissing this litigation with prejudice.

IT IS ORDERED that:

1. The Vendor Class was previously defined as follows:

> All automotive software vendors (i.e., persons or entities engaged in the sale of software solutions to automotive dealerships) located in the United States that, at any time since October 1, 2013, have purchased data integration services from CDK or Reynolds. Excluded from the class are (1) CDK, Reynolds, and

---

[1] Capitalized terms used in this order shall have the same meaning as defined in the Settlement Agreement unless otherwise expressly stated.

> any of their officers, directors, employees, subsidiaries, and affiliates; (2) Cox Automotive, Inc. and its subsidiaries and affiliates; and (3) automotive software vendors that first purchased data integration services from CDK after June 5, 2018; (4) any federal, state governmental entities, any judicial officer presiding over this action and the members of his/her immediate family and judicial staff, and any juror assigned to this action.

2. The 243 entities listed in Dkt. 249-3 are the Vendor Class Members. Auto Rental Services LLC opted out and is excluded from the class.

3. The Vendor Class was provided notice that was reasonable under the circumstances.

4. The motion for final approval of the Settlement Agreement, Dkt. 257, is GRANTED. The Settlement Agreement is fair, reasonable, and adequate. The Court finds that the class representatives and class counsel have adequately represented the class, the Settlement Agreement was negotiated at arm's-length, the relief provided for the class is adequate, and the Settle Agreement treats class members equitably relative to each other.

5. The Court approves the Proposed Distribution Plan (Dkt. 250-2). The Proposed Distribution Plan is an effective method of distributing the Settlement Fund to the Vendor Class and treats the Vendor Class Members equitably relative to each other.

6. The Court approves the following relief:

    a. $_____ for class counsel's legal expenses;
    b. $_____ for the administrator's expenses;
    c. $_____ for Loop's service award;
    d. $_____ for class counsel's attorney fees; and
    e. No less than $_____ to the class, to be distributed in accordance with the Distribution Plan.

7. The case is DISMISSED with prejudice.

8. The Settlement Agreement, the Distribution Plan, and Mark A. Israel's January 27, 2025 declaration, Dkt. 247, shall be incorporated into the judgment.

9. The parties agree that any disputes over the settlement agreement or distribution agreement shall be brought in this court.

10. The clerk of court is directed to enter judgment accordingly.

Entered _____, 2025.

                              BY THE COURT:

                              _____
                              JAMES D. PETERSON
                              District Judge